**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JASON STEVEN KOKINDA,**

**Plaintiff,**

**v.** **Civil Action No. 1:25-cv-73**

**CHIPOTLE MEXICAN GRILL, ET AL.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 56], DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE [ECF NO. 20], AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 39]**

## I. BACKGROUND AND REPORT AND RECOMMENDATION

On July 31, 2025, Plaintiff Jason Steven Kokinda ("Plaintiff" or "Mr. Kokinda") filed a pro se complaint against Chipotle Mexican Grill, Inc., Armando Gutierrez, Trey Sells, and Connor Smith (collectively "Defendants") regarding Mr. Kokinda's alleged unlawful termination. ECF No. 1. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 4.

On September 5, 2025, Mr. Kokinda filed his Amended Complaint against all Defendants [ECF No. 20], to which Defendants responded by filing their Joint Answer on September 19, 2025. ECF No. 35. On October 14, 2025, Defendants filed their Motion for Judgment on

the Pleadings. ECF No. 39. On December 3, 2025, Mr. Kokinda filed a pro se motion for authorization to obtain records. ECF No. 55.

On February 2, 2026, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 56], recommending the Court grant Defendants' Motion for Judgment on the Pleadings [ECF No. 39], and dismiss Plaintiff's Amended Complaint with prejudice. ECF No. 20. The Magistrate Judge additionally recommended Plaintiff's motion for authorization to obtain records be denied. ECF No. 55.

The R&R informed the parties they had fourteen (14) days to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." ECF No. 56, at 20. It further warned them "[f]ailure to timely file objections . . . will result in waiver of the right to appeal from a judgment of this Court based upon such [R&R]." Id. at 21. On February 12, 2026, Mr. Kokinda filed his *Objections to Magistrate Aloi's R&R*. ECF No. 58.

## II. OBJECTIONS AND STANDARD OF REVIEW

When reviewing a Magistrate Judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's

recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the

magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

Mr. Kokinda filed seven (7) objections to the Magistrate Judge's R&R. ECF No. 58. Objections One, Four, Five, Six, and Seven argue the Magistrate Judge erred in finding the statute of limitations had run on Mr. Kokinda's Equal Employment Opportunity Commission ("EEOC") claim, and that Mr. Kokinda had constructive notice of the Notice of Right To Sue ("NRTS") issued by the EEOC. Id. Objection Two vaguely accuses the Magistrate Judge of "usurp[ing] the function of the jury" in finding Mr. Kokinda had constructive notice of the NRTS. Id. at 2. Lastly, Objection Three argues the Magistrate Judge "failed to analyze Mr. Kokinda's defamation, false light, false arrest, wrongful imprisonment, and other injuries under the but-for or proximate cause collateral injury doctrine." Id.

**A. Objections One, Four, Five, Six, and Seven are overruled.**

Mr. Kokinda's objections regarding his lack of constructive notice of the NRTS are overruled. Pursuant to 42 U.S.C. § 2000e-5(f)(1), a claimant must bring an action within 90 days of the EEOC giving the NRTS. ECF No. 56. If the claimant fails to meet this 90-day window, the court will "conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." Harvey v. New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). A federal court may equitably toll a statute of limitations when a party shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is an "extraordinary" remedy limited to those occasions when "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchison, 209 F.3d 325, 330 (4th Cir. 2000).

"Equitable tolling is a discretionary doctrine that 'turns on the facts and circumstances of a particular case.'" Crabill v. Charlotte Mecklenburg Bd. of Educ., Nos. 10-1539, 10-1553, 2011 WL

1491230, at *6 (4th Cir. Apr. 20, 2011) (quoting Harris, 209 F.3d at 330). "Federal courts have typically extended equitable relief only sparingly." Crabill, 2011 WL 1491230, at *6 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Moreover, the Fourth Circuit has determined requests for equitable tolling are extremely unlikely to be granted where "the claimant's failure to receive actual knowledge of the [NRTS] was due to fault of his own." Vogel v. Am. Home Prods. Corp. Severance Pay Plan, No. 96-2674, 1997 WL 577578, at *2 (4th Cir. Sep. 17, 1997).

Equitable tolling is not appropriate in the instant case. The EEOC issued Mr. Kokinda's NRTS on April 7, 2025 [ECF No. 20-3], thereby making his July 31, 2025, filing of his Complaint, [ECF No. 1], untimely. Mr. Kokinda argues the EEOC's portal contained technical problems, which prevented him from being able to access the NRTS. [ECF No. 58 at 3-4]. Nevertheless, Defendants seemingly had no issue accessing the NRTS when prompted to do so by the April 7, 2025, communication. Then, after being advised by the EEOC on May 22, 2025, to download his NRTS, Plaintiff sat on his rights for nearly three months until July 31, 2025, when the Complaint was ultimately filed. ECF No. 56.

As the Magistrate Judge identified, Mr. Kokinda's failure to do anything in response to the May 22, 2025, communication from the EEOC staff "undercuts Plaintiff's argument for equitable tolling." Id. at 12. Mr. Kokinda had every chance to contact the EEOC after its May 22, 2025, communication, and he neglected to do so. Thus, this Court finds Mr. Kokinda was not diligent in pursuing his rights, and no extraordinary circumstances justify the application of equitable tolling to Mr. Kokinda's claim.

Mr. Kokinda further insists the Magistrate Judge's opinion "looks nothing like the thorough opinion granting equitable tolling in" Jacobs v. Walmart, Inc., No. RDB-22-2666, 2023 WL 4532822 (D. Md. July 13, 2023). In Jacobs, the claimant filed suit against Walmart, Inc. ("Walmart") "92 days after she received the EEOC's email." Id. at *6. There, the email containing the EEOC's NRTS deceivingly stated "[r]eceipt generally means the date when you (or your representative) opened this email or mail." Id. at *8. To justify equitable tolling, the Jacobs claimant argued the following:

> (1) that she did not have access to her email until May 16, 2022; (2) that she was diligently attempting to secure counsel during the filing period; and (3) that she relied on the EEOC's representations that she had 90

> days to file suit from "the date that [she] (or [her] representative) view[ed] [the NRTS]."

Id. at *6. The district court rejected the first two arguments and accepted the claimant's final argument only because "the EEOC's assurances led her to believe that her submission would be timely." Id. at *9. In fact, the court noted equitable tolling would have been inappropriate if it were not for "the narrow circumstances of the case." Id. at *8.

Despite his reliance on Jacobs, Mr. Kokinda has failed to provide any similar justification for permitting equitable tolling. First, the claimant's filing in Jacobs was late by only two days. By contrast, regardless of whether the April 7, 2025, or April 15, 2025, date is used to start Mr. Kokinda's 90-day clock, his filing was untimely by a matter of weeks. Second, the EEOC actively notified Mr. Kokinda his NRTS was available for download on two separate occasions in both April and May of 2025, and he failed to respond. Therefore, Mr. Kokinda cannot reasonably blame the EEOC staff for his own faults and shortcomings. As a result, objections one, four, five, six, and seven are **OVERRULED**.

**B. Objection Two is overruled.**

Mr. Kokinda's Objection Two falls short of the specificity requirement and is overruled. This objection, which broadly accuses the Magistrate Judge of "unlawfully weighing evidence, drawing unwarranted inferences, and assessing credibility of the evidence in the light most favorable to the defendants," [ECF No, 58, at 2], fails to direct this Court to any specific error made by the Magistrate Judge. Green, 644 F. Supp. 2d at 730. Mr. Kokinda merely states the Magistrate Judge "disregard[ed] Mr. Kokinda's vigorous attempts to obtain clarity regarding his case and access to key documents[,]" [ECF No. 58-1, at 19], and the Magistrate Judge should have instead considered the EEOC agent's "incompetence." Id. at 18.

Mr. Kokinda's general grievances and repeated conclusory allegations, even considering his pro se status, do not merit a de novo review because he has provided no specific evidence of the Magistrate Judge's "unlawful inferences." Id. Further, his objection is devoid of any reference to specific findings or recommendations and lacks support from legal authority. To the extent Plaintiff provided case law in support of his argument, those cases involved error by EEOC officials. No such error exists

here, as Plaintiff failed to act on his rights for nearly three months. Thus, Objection Two is **OVERRULED**.

**C. Objection Three is overruled.**

Mr. Kokinda argues his tort claims are not time-barred because they are forms of collateral damage flowing from his alleged wrongful termination. ECF No. 58-1. Without providing any relevant legal support, Mr. Kokinda suggests the "but-for proximate cause collateral injury doctrine" excuses him from independently raising the defamation and false light claims. Id. at 13. Plaintiff's cited case law merely explains direct and proximate causation and fails to specifically show how it applies to his situation or shields his claims from the statute of limitations.

Further, his reliance on the Stevenson and Tobey cases is misguided. Both cases involve tort claims brought against police officers in their official and individual capacities. See Tobey v. Jones, 706 F.3d 379, 384 (4th Cir. 2013); Stevenson v. Seat Pleasant, 743 F.3d 411, 413 (4th Cir. 2014). Neither case mentions collateral damages, let alone recovery of collateral damages where, as here, Mr. Kokinda admits "[t]he defendants themselves did not publicize the false arrest." ECF No. 58-1, at 13.

Even if Mr. Kokinda had successfully pled his tort claims, his objection still fails. By referring back to the Amended Complaint [ECF No. 20], Mr. Kokinda insists his remaining claims were sufficiently pled. ECF No. 58-1, at 14 n.4. Because this Court has expressly prohibited objections that "refer the court to previously filed papers or arguments," Strasburg v. Riggleman, No. 2:24-cv-16, 2025 WL 879709, at *1 (N.D.W. Va. Mar. 21, 2025) (citing Fed. R. Civ. P. 72(b)), the objection is **OVERRULED**.

Accordingly, Plaintiff's objections [ECF No. 58], are **OVERRULED**. The Court reviewed the remainder of the R&R for clear error and found none.

## III. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R in its entirety [ECF No. 56] and **OVERRULES** Plaintiff's objections [ECF No. 58]. Plaintiff's motion for authorization to obtain records [ECF No. 55] is **DENIED**. Defendant's Motion for Judgment on the Pleadings [ECF No. 39] is **GRANTED**. Mr. Kokinda's Complaint is **DISMISSED WITH PREJUDICE**, and the Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of

record via email and the pro se Plaintiff via certified mail, return receipt requested.

**DATED**: September 23, 2026

Tom S Kleeh

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA